# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-0441
═══════════

IN RE MICHAEL N. BLAIR, RELATOR

════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
════════════════════════════════════════════════════

JUSTICE LEHRMANN, joined by CHIEF JUSTICE JEFFERSON, JUSTICE JOHNSON, and JUSTICE WILLETT, dissenting.

In 1994, Michael Blair was convicted of and sentenced to death for a murder he did not commit. In 2004, while still on death row for the murder conviction, Blair pled guilty to four counts of molesting a child and began serving life sentences for those convictions. The murder conviction was set aside in 2008, and Blair then began his quest for compensation under the Tim Cole Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 103.001–.154.

For the reasons stated in the plurality opinion, I agree that, to the extent the Comptroller preserved the argument, Blair is not procedurally barred from seeking judicial review in this Court of the Comptroller's denial of his second application for compensation under the Tim Cole Act. More specifically, I do not believe the Act requires claimants to submit an application to cure to the Comptroller after a denial of compensation "if there is nothing to cure." ___ S.W.3d at ___. Nor do I believe the Act prohibits successive applications.

However, I also join Part IV of JUSTICE BOYD'S concurrence and would hold that Blair's 2004 felony conviction does not foreclose Blair's eligibility for any compensation under the Act. The plain language of the Act, when properly construed in context, confirms that an applicant who is convicted of a felony (meaning the act of conviction, not the status of being convicted) after he becomes eligible for compensation is not wholly deprived of such eligibility. *See* TEX. CIV. PRAC. & REM. CODE § 103.154(a) ("[C]ompensation payments to a person under this chapter *terminate* if, *after* the date the person becomes eligible for compensation . . . , the person is convicted of a crime punishable as a felony. Compensation payments *terminate* under this subsection *on the date of the subsequent conviction*.") (emphasis added). Under this section, the compensation payments to which Blair was otherwise entitled for the wrongful murder conviction terminated upon, but were not nullified by, the 2004 conviction. As the concurrence notes, while such a result may not be "desirable under the circumstances of this case," neither is it "absurd for the State to compensate Blair for the ten years he spent on death row for a murder he did not commit." ___ S.W.3d at ___.

I would conditionally grant mandamus relief and order the Comptroller to compensate Blair for time served prior to his conviction in 2004. Accordingly, I respectfully dissent.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 23, 2013

2